SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
P. CRAIG CARDON, Cal Bar No. 168646
ccardon@sheppardmullin.com
JAY T. RAMSEY, Cal Bar No. 273160
jramsey@sheppardmullin.com
ALYSSA SONES, Cal Bar No. 318359
asones@sheppardmullin.com
KEVIN MURPHY, Cal Bar No. 346041
kemurphy@sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6017
Telephone: (310) 228-3700
Facsimile: (310) 228-3701

*Attorneys for Specially Appearing Defendant*
CARTER'S, INC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILLIAN JURDI, individually and on behalf of all others similarly situated;,<br><br>Plaintiff,<br><br>v.<br><br>CARTER'S, INC., a Georgia corporation; and DOES 1 through 25, inclusive,<br><br>Defendant. | Case No. 2:24-cv-04651-JLS-BFM<br><br>*Hon. Josephine L. Staton*<br><br>**DEFENDANT CARTER'S, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>[*Filed concurrently with Motion to Dismiss, Declaration of Keyur Patel, and Proposed Order*]<br><br>Date: January 31, 2025<br>Time: 10:30 a.m.<br>Ct. Rm.: 8A |

## I. <u>INTRODUCTION</u>

Pursuant to Federal Rule of Evidence 201, Defendant Carter's, Inc. ("Carter's") asks this Court to take judicial notice of the following documents in connection with Carter's Motion to Dismiss Plaintiff's First Amended Class Action Complaint, submitted concurrently herewith:

1. The California State Assembly Committee on Public Safety's April 7, 2015, analysis of Assembly Bill 929, a true and correct copy of which is attached hereto as **Exhibit A**.

2. The California State Assembly Committee on Privacy and Consumer Protection's April 21, 2015, analysis of Assembly Bill 929, a true and correct copy of which is attached hereto as **Exhibit B**.

3. The California State Assembly Committee on Appropriations' April 29, 2015, analysis of Assembly Bill 929, a true and correct copy of which is attached hereto as **Exhibit C**.

4. The California State Assembly Committee on Public Safety's March 29, 2016, analysis of Assembly Bill 1924, a true and correct copy of which is attached hereto as **Exhibit D**.

5. The California State Assembly Committee on Appropriations' May 4, 2016, analysis of Assembly Bill 1924, a true and correct copy of which is attached hereto as **Exhibit E**.

6. The California State Senate Committee on Public Safety's June 28, 2016, analysis of Assembly Bill 1924, a true and correct copy of which is attached hereto as **Exhibit F**.

## II. <u>JUDICIAL NOTICE IS PROPER</u>

A matter that is properly the subject of judicial notice may be considered along with the complaint when deciding a motion to dismiss. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when

ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."). The above legislative information concerning California Penal Code section 638.50-638.53 is judicially noticeable under Rule 201(b). In fact, courts have routinely taken judicial notice of legislative history of state statutes in the Ninth Circuit. *See Chaker v. Crogan*, 428 F.3d 1215, 1223 n.8 (9th Cir. 2005) (taking judicial notice of California statute's legislative history); *Louis v. McCormick & Schmick Rest. Corp.*, 460 F. Supp. 2d 1153, 1155 n.4 (C.D. Cal. 2006) ("Under Rule 201 of the Federal Rules of Evidence, the court may take judicial notice of the records of state courts, the legislative history of state statutes, and the records of state administrative agencies."); *see also Anderson v. Holder*, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012) ("Legislative history is properly a subject of judicial notice."); *Stone v. Sysco Corp.*, No. 16-CV-01145-DAD-JLT, 2016 WL 6582598, at *4 (E.D. Cal. Nov. 7, 2016) ("[C]ourt[s] may properly take judicial notice of legislative history, including committee reports.") (citing *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 945 n.2 (9th Cir. 2013)). Thus, Exhibits A-F should be judicially noticed by the Court.

## III. CONCLUSION

Based on the foregoing, Carter's respectfully requests that the Court take judicial notice of the attached exhibits.

Dated: December 11, 2024 SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By /s/ Craig Cardon

P. CRAIG CARDON
JAY T. RAMSEY
ALYSSA SONES
KEVIN MURPHY

*Attorneys for Specially Appearing Defendant*
CARTER'S, INC.