SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
P. CRAIG CARDON, Cal Bar No. 168646
ccardon@sheppardmullin.com
JAY T. RAMSEY, Cal Bar No. 273160
jramsey@sheppardmullin.com
ALYSSA SONES, Cal Bar No. 318359
asones@sheppardmullin.com
KEVIN MURPHY, Cal Bar No. 346041
kemurphy@sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6017
Telephone: (310) 228-3700
Facsimile: (310) 228-3701

*Attorneys for Specially Appearing Defendant*
CARTER'S, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILLIAN JURDI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CARTER'S, INC., a Georgia corporation; and DOES 1 through 25, inclusive,<br><br>Defendant. | Case No. 2:24-cv-04651-CV-BFM<br><br>*Hon. Cynthia Valenzuela*<br><br>**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANT CARTER'S, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM** |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Specially appearing Defendant Carter's Inc. hereby submits the Honorable Wesley L. Hsu's March 14, 2025 Order in *Travis Rounds v. Case-Mate, Inc.*, No. 2:24-cv-08531-WLH-RAO, 2025 U.S. Dist. LEXIS 48225 (C.D. Cal. March 14, 2025) in support of its Motion to Dismiss First Amended Class Action Complaint (ECF No. 20). A true and correct copy of the Order is attached hereto as **Exhibit A**.

Dated: March 21, 2025 SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By *[/s/ Craig Cardon]*

P. CRAIG CARDON
JAY T. RAMSEY
ALYSSA SONES
KEVIN MURPHY

*Attorneys for Specially Appearing Defendant*
CARTER'S, INC.

# EXHIBIT A

No *Shepard's* Signal™
As of: March 21, 2025 3:13 AM Z

# *Rounds v. Case-Mate Inc.*

United States District Court for the Central District of California

March 14, 2025, Decided; March 14, 2025, Filed

Case No. 2:24-cv-08531-WLH-RAO

**Reporter**

2025 U.S. Dist. LEXIS 48225 *

TRAVIS ROUNDS, an individual, Plaintiff, v. CASE-MATE INC., a Georgia corporation; DOES 1 through 25, inclusive, Defendants.

**Counsel:** **[*1]** For Case-Mate Inc, a Georgia corporation, Defendant: Jahmy Stanford Graham, LEAD ATTORNEY, Michael Edward Seager, Nelson Mullins Riley and Scarborough LLP, Los Angeles, CA.

For TRAVIS ROUNDS, an individual, Plaintiff: Robert Tauler, LEAD ATTORNEY, Narain Kumar, Wendy Robinson Miele, Tauler Smith LLP, Los Angeles, CA.

**Judges:** HON. WESLEY L. HSU, UNITED STATES DISTRICT JUDGE.

**Opinion by:** WESLEY L. HSU

## Opinion

**ORDER RE DEFENDANT'S MOTION TO DISMISS [19]**

Before the Court is Defendant Case-Mate, Inc.'s ("Defendant") Motion to Dismiss, pursuant to both *Rule 12(b)(2)* for lack of personal jurisdiction and *12(b)(6)* for failure to state a claim. No party filed a written request for oral argument stating that at attorney with five years or less of experience would be arguing the matter. (See Standing Order, Docket No. 10 at 16). Further, pursuant to *Federal Rule of Civil Procedure 78* and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for March 21, 2025, is **VACATED**, and the matter taken off calendar. For the reasons explained below, the Court **GRANTS** in part and **DENIES** in part, such that the action is dismissed in its entirety without prejudice.

**I. BACKGROUND**

**A. Factual Background**

Plaintiff Travis Rounds ("Plaintiff") is a "citizen **[*2]** of California" residing in Los Angeles County. (First Am. Compl. ("FAC") ¶ 4). Defendant,[1] is a "Georgia corporation that owns operates, and/or controls www.case-mate.com[]" (the "Website"). (*Id.* ¶ 5). Defendant is a "retailer that sells cell phone cases and accessories." (*Id.* ¶ 8).

Plaintiff alleges that Defendant "has installed on its Website software created by TikTok in order to identify website visitors (the 'TikTok Software')." (*Id.*). The TikTok Software purportedly "collects as much data as it can about an otherwise anonymous visitor to the Website and matches it with existing data TikTok has acquired and accumulated about hundreds of millions of Americans." (*Id.* ¶ 9). Plaintiff terms this process "fingerprinting." (*Id.*). In theory, the TikTok Software "gathers device and browsers information, geographic information and referral tracking by running code or 'scripts' on the Website to send user details to TikTok." (*Id.* ¶ 10).

The TikTok Software "begins to collect information the moment a user lands on the Website." (*Id.* ¶ 11). Plaintiff further alleges that the Website "instantly sends communications to TikTok when a user lands on the Website and any time a user clicks on the page." **[*3]** (*Id.* ¶ 12). Even though the Website has a "cookie banner," Plaintiff alleges that the visitor's "information has already been sent to TikTok regarding the user's visit[,]"regardless, these allegations imply, of whether consent is given to do so. (*Id.* ¶ 11). Plaintiff describes this software as amounting to a "trap and trace device[,]" as it allegedly "identif[ies] the source of

[1] The Complaint also includes unnamed Does 1 through 25; for the purposes of this Motion, the Court only addresses Defendant Case-Mate, Inc.

electronic communication by capturing incoming electronic impulses and identifying dialing, routing, addressing, and signaling information generated by users[.]" (*Id.* ¶ 14).

Plaintiff alleges that Defendant did not "obtain Plaintiff's express or implied consent to be subjected to data sharing with TikTok for the purposes of fingerprinting and de-anonymization." (*Id.* ¶ 18). Plaintiff brings a putative class action with a single cause of action for violation of *California Penal Code section 638.51* ("*Section 638.51*"), also known as the Trap and Trace provision of the California Invasion of Privacy Act ("CIPA"). (*Id.* ¶¶ 25-33). Plaintiff seeks injunctive relief, "disgorgement of data provided to TikTok through the TikTok Software," statutory damages under CIPA, punitive damages, reasonable attorneys' fees and cost and any other relief as determined by the Court. **[*4]** (*see generally* FAC).

**B. Procedural Background**

Plaintiff filed the instant action on May 23, 2024. (Notice of Removal, Docket No. 1 at 1). Defendant was properly served on September 3, 2024. (*Id.*; *see also* Decl. of Jahmy S. Graham in Supp. of Removal ("Graham Decl."), Docket No. 1-1 ¶ 4 & Ex. 1). Defendant then removed the case pursuant to *28 U.S.C. § 1332* on October 3, 2024. (*Id.* at 2).

On October 30, 2024, the Plaintiff and Defendant (collectively, the "Parties") stipulated to extend the time for Plaintiff to file a motion to remand and for the defendant to respond to the complaint (Stip., Docket No. 11), which the Court granted. (Order, Docket No. 12). On December 20, 2024, Defendant filed a motion to dismiss the complaint (Mot. to Dismiss, Docket No. 13), which it subsequently re-noticed on December 31, 2024, with a different hearing date. (Mot. to Dismiss, Docket No. 14). On January 10, Plaintiff filed a First Amended Complaint (FAC, Docket No. 15), thereby mooting Defendant's motion to dismiss. (Order, Docket No. 16). Subsequently, on January 24, 2025, Defendant filed the Motion to Dismiss the FAC presently before the Court. (Mot. to Dismiss ("Mot."), Docket No. 19).

**II. DISCUSSION**

Before the Court **[*5]** is Defendant's Motion to Dismiss pursuant to both *Rule 12(b)(2)* for lack of personal jurisdiction and *Rule 12(b)(6)* for failure to state a claim. The Motion is fully briefed. As explained below, the Court **GRANTS** in part and **DENIES** in part, such that the action is dismissed in its entirety without prejudice.

**A. Legal Standard**

*1. 12(b)(2) Legal Standard*

A defendant may move to dismiss a complaint for lack of personal jurisdiction under *Fed. R. Civ. P. 12(b)(2)* ("*Rule 12(b)(2)*"). "The court may consider evidence presented in affidavits to assist it in its determination and may order discovery on the jurisdictional issues." *Doe v. Unocal Corp., 248 F.3d 915, 922 (9th Cir. 2001)*, *overruled on other grounds as discussed in Williams v. Yamaha Motor Co., 851 F.3d 1015, 1024 (9th Cir. 2017)*. A district court must accept the uncontroverted allegations in the plaintiff's complaint as true. *Mavrix Photo, Inc. v. Brand Techs., Inc., 647 F.3d 1218, 1223 (9th Cir. 2011)*. The court "may not assume the truth of allegations in a pleading which are contradicted by affidavit," but resolves factual disputes in the plaintiff's favor. *Id.*

"When a district court acts on a defendant's motion to dismiss under *Rule 12(b)(2)* without holding an evidentiary hearing, the plaintiff need make only *a prima facie* showing of jurisdictional facts to withstand the motion to dismiss." *Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995)*. "That is, the plaintiff need only demonstrate facts that if true would support jurisdiction over the defendant.'" **[*6]** *Id.*

*2. 12(b)(6) Legal Standard*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)* (quoting *Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)*). The complaint need not include detailed factual allegations but must provide more than a "formulaic recitation of the elements of a cause of action." *Twombly, 550 U.S. at 555*. Dismissal under *Rule 12(b)(6) of the Federal Rules of Civil Procedure* is appropriate "only when [the complaint] fails to state a cognizable legal theory or fails to allege sufficient factual support for its legal theories." *Caltex Plastics, Inc. v. Lockheed Martin Corp., 824 F.3d 1156, 1159 (9th Cir. 2016)*; *see Fed. R. Civ. P. 12(b)(6)*.

"[The] court must 'draw all reasonable inferences in favor of the nonmoving party'" and take its non-conclusory allegations as true. *Boquist v. Courtney, 32 F.4th 764, 773 (9th Cir. 2022)* (quoting *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 945 (9th Cir. 2014)*). The court is not required, however, "to accept as true a legal conclusion couched as a factual allegation." *Twombly, 550 U.S. at 555* ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions . . .").

*Federal Rule of Civil Procedure 9(b)* ("*Rule 9(b)*") states that an allegation of "fraud or mistake must state with particularity the circumstances constituting fraud." The "circumstances" required by *Rule 9(b)* are the "who, what, when, where, and how" of the fraudulent activity. *Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003)*. In addition, the allegation "must set forth what is false or misleading about a statement, **[*7]** and why it is false." *Id.* (quoting *In re GlenFed, Inc. Secs. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994)*). However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Fed. R. Civ. P. 9(b)*. This heightened pleading standard ensures that "allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985)*.

Pursuant to *Fed. R. Civ. P. 15(a)(2)*, when a motion to dismiss is granted, courts should "freely give leave [to amend] when justice so requires." *Fed. R. Civ. P. 15(a)(2)*. "'In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." leave should be granted in conformity with *Rule 15(a)(2)*. *Hall v. City of Los Angeles, 697 F.3d 1059, 1073 (2012)* (quoting *Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)*).

## B. Analysis

The Court begins by addressing Defendant's challenge to personal jurisdiction. Finding Plaintiff has failed to sufficiently allege facts demonstrating personal jurisdiction, the Court **GRANTS** Defendant's Motion to Dismiss pursuant to *Rule 12(b)(2)* without prejudice. The Motion to Dismiss pursuant to *Rule 12(b)(6)* is **DENIED** as moot.

### *1. The Court Lacks* **[*8]** *Personal Jurisdiction over Defendant*

Where, as here, there is no applicable federal statute governing personal jurisdiction, "the law of the state in which the district court sits applies." *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1129 (9th Cir. 2003)*. "California's long-arm statute allows courts to exercise personal jurisdiction over defendants to the extent permitted by the *Due Process Clause of the United States Constitution*." *Id.*; *see also* *Cal. Code Civ. Proc. § 410.10*. Jurisdiction comports with due process only if the defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945)* (internal quotation marks omitted).

The Supreme Court has recognized two types of personal jurisdiction: "'general' (sometimes called 'all-purpose') jurisdiction and 'specific' (sometimes called 'case-linked') jurisdiction." *Bristol-Myers Squibb Co. v. Super. Ct., 582 U.S. 255, 262, 137 S. Ct. 1773, 198 L. Ed. 2d 395 (2017)*. Here, Plaintiff does not argue general personal jurisdiction exists over the Defendant, nor does Plaintiff present evidence to dispute Defendants' contention that no such jurisdiction exists. (Opp'n to Motion to Dismiss ("Opp'n"), Docket No. 20 at 4-12). The Court therefore moves directly to the specific, or case-linked, jurisdictional analysis.

For a court to exercise specific jurisdiction, "'the *suit*' must 'arise **[*9]** out of or relate to the defendant's contacts with the *forum*.'" *Bristol-Myers, 582 U.S. at 272* (emphasis in original, brackets omitted). "In other words, there must be 'an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" *Id.* (brackets omitted). "For this reason, specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Id.* (quotation marks omitted).

The Ninth Circuit has established a three-part test for analyzing a claim of specific personal jurisdiction. *Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004)*.

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Id.* "The **[*10]** plaintiff bears the burden of satisfying the first two prongs of the test." *Id.* "If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Id.* "If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id.*

The first prong of the specific personal jurisdiction test encompasses two distinct concepts, purposeful direction and purposeful availment. *Herbal Brands, Inc. v. Photoplaza, Inc., 72 F.4th 1085, 1090 (9th Cir. 2023)*. The Ninth Circuit has clarified that purposeful availment analysis is typically used in suits "sounding in contract . . . and for unintentional tort claims," whereas purposeful direction analysis "applies when 'a case sounds in tort'" or for claims "requir[ing] an intentional tortious or 'tort-like' act[.]" *Id. at 1090-91* (quoting *Axiom Foods, Inc. v. Acerchem Int'l, Inc., 874 F.3d 1064, 1069 (9th Cir. 2007)* and *Ayla, LLC v. Alya Skin Pty. Ltd., 11 F.4th 972, 979 (9th Cir. 2021)*). Here, where a statutory violation of CIPA is rooted in establishing an intentional tort-like act, the purposeful direction analysis is proper. *See, e.g., Fudge v. Delta Air Lines, Inc., No. 2:24-cv-04531 HDV SSC, 2024 U.S. Dist. LEXIS 185143, 2024 WL 4445985, at *3 (C.D. Cal. Oct. 4, 2024)* (applying "purposeful direction" test to CIPA claim).

In the Ninth Circuit, purposeful direction is analyzed under the "effects" test, which "requires that the defendant **[*11]** allegedly ha[s] (1) committed an intentional act, (2) expressly aimed at the forum state,[2] (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Dole, 303 F.3d 1104, 1111 (9th Cir. 2002)* (internal quotation marks omitted); *see also CollegeSource Inc. v. AcademyOne, Inc., 653 F.3d 1066, 1077 (9th Cir. 2011)*; *Harris Rutsky, 328 F.3d at 1131*. Plaintiff has failed to make a *prima facie* showing of specific personal jurisdiction, as the "effects" test does not demonstrate Defendant's purposeful direction toward California, for the reasons explained below.

Turning to the application of the effects test, Defendant allegedly "installed on its Website software created by TikTok in order to identify website visitors . . . ." (Compl. ¶ 8). The installation of software on the Website is a sufficient allegation of an intentional act under the "effects" test. *Dole, 303 F.3d at 1111*.

The Court, however, agrees with Defendant that "the FAC does not assert a single fact plausibly alleging that [Defendant's] purported use of the TikTok Software was aimed at California." (Mot. at 9). Rather, Plaintiff merely alleges that "Defendant has purposefully directed its activities to the Central District of California by regularly engaging with individuals in California through its website." (Compl. ¶ 2). Such conclusory allegations **[*12]** are insufficient to establish that Defendant's actions were "expressly aimed at the forum state." *Dole, 303 F.3d at 1111*; *see Herbal Brands, 72 F.4th at 1091-92* (finding that, without "something more," merely operating an interactive website does not establish that that acts were expressly aimed at the forum state).

In *Herbal Brands* the Ninth Circuit held that if a defendant "sells a physical product via an interactive website and causes that product to be delivered to the forum, the defendant 'expressly aimed' its conduct at that forum." *Id. at 1093*. This, however, only holds true if two conditions are met: 1) "the sale must occur as part

[2] Plaintiff argues that because Defendant engaged "in multiple intentional acts performed for having their consequences felt in California residents," that he need not demonstrate that the conduct was expressly aimed at California. (Opp'n at 10). The Court finds that the case Plaintiff cites to support this proposition is wholly distinguishable. *See Brainerd v. Governors of the Univ. of Alberta, 873 F.2d 1257, 1260 (9th Cir. 1989)*. There, the court concluded that where the allegation included intentional torts — that were alleged to have been committed expressly against the plaintiff, who resided in the forum state — it need not have been directed at the forum state specifically. *Id. at 1260*. Where the actions were directed at a specific plaintiff, it was clear that the "effects of the conduct" would be felt in the forum state where the plaintiff resided. *Id.* Here, the FAC does not contain allegations that Defendant intentionally sought to harm *Plaintiff*, which would make the effects in the forum state of California a natural consequence. The Court, therefore, rejects Plaintiff's argument.

of the defendant's regular course of business instead of being 'random, isolated, or fortuitous[;]" and 2) "the defendant must exercise some level of control over the ultimate distribution of its products beyond simply placing its products into the stream of commerce." Id. at 1094. Here, the FAC does not contain allegations that Defendant actually caused products to be delivered to California or that any such sales are not random, isolated or fortuitous. Accordingly, Plaintiff has failed to make a *prima facie* showing of specific personal jurisdiction showing under the "effects" test. Id. at 1094.

Plaintiff argues that the instant matter **[*13]** is analogous to *Fudge v. Delta Air Lines, Inc.*, in which the court found sufficient purposeful direction to establish specific personal jurisdiction.[3] (Opp'n at 8); *see* Fudge, 2024 U.S. Dist. LEXIS 185143, 2024 WL 4445985, at *3 (C.D. Cal. Oct. 4, 2024). The Court finds the instant matter distinguishable. In *Fudge*, a group of plaintiffs brought a putative class against the defendant airline, accusing it of improperly disclosing consumers' personal information to Meta Platforms when booking airfare in California. 2025 U.S. Dist. LEXIS 185143, [WL] at *1. The district court briefly analyzed whether the complaint contained sufficient allegations to demonstrate purposeful direction to satisfy the first prong of specific personal jurisdiction. *Id.* The court emphasized that the complaint alleged that the plaintiffs "used their devices within California" to complete the purchases, that defendant "regularly conducts business in California" and that the defendant records and disseminates data, communications and personal information of users "in California." *Id.* These facts were sufficient to demonstrate a nexus between the defendant airline's contacts with California and the cause of action. Implicit in this analysis is the fact that a sale was consummated between the plaintiffs and defendant.

By contrast, the **[*14]** only factual allegation in the FAC relating to California is that Plaintiff is a citizen of California and that "TikTok has its global headquarters in Los Angeles, California[.]"[4] (*Id.* ¶ 4, 2). First, where TikTok has its headquarters is irrelevant, as it is not a party to this action. Nor is it alleged that TikTok is an alter ego or otherwise related to Defendant. Further, the FAC only alleges that Plaintiff "visited" Website — without including where he accessed it and whether he used the Website to complete a transaction or otherwise interacted with Website functions. (FAC ¶ 8). The mere fact that a California citizen visited the Website, without more, is insufficient to establish specific personal jurisdiction. *See* Herbal Brands, Inc., 72 F.4th 1085, 1091-92. Were the Court to find otherwise, "every time a seller offered a product for sale through an interactive website, the seller would be subjecting itself to specific jurisdiction in every forum in which the website was visible, whether or not the seller actually consummated a sale." Id. at 1091. The Ninth Circuit explicitly declined to find that such conduct sufficiently "establish[ed] express aiming." *Id.*

To that end, the Court **GRANTS** Defendant's Motion to Dismiss due **[*15]** to lack of personal jurisdiction. Plaintiff has failed to make a *prima facie* showing of personal jurisdiction to survive Defendant's Motion to Dismiss. *See* Ballard, 65 F.3d at 1498 (emphasizing that a Plaintiff need only "demonstrate facts that, if true,

[3] The other cases cited to by Plaintiff are also distinguishable. *See* Rodriguez v. Aquatic Sales Solutions LLC, 735 F.Supp.3d 1208, 1219-20 (C.D. Cal. May 29, 2024) (finding specific personal jurisdiction over out of state defendant where the plaintiff utilized the website's chat function while located in California); Swarts v. Home Depot, Inc., No. 23-cv-0995-JST, 689 F. Supp. 3d 732, 2023 WL 5615453, at *4 (N.D. Cal. Aug. 30, 2023) (finding specific personal jurisdiction over out of state defendant where the plaintiff utilized the website's chat function to discuss product options and purchased products). In both of those cases, the plaintiff had utilized the defendant website's interactive chat function. "The interactivity of a website can be relevant to the question of whether a defendant has done 'something more.'" Rodriguez, 735 F.Supp.3d at 1222 (quoting Herbal Brands, Inc., 72 F.4th at 1091-92). The use of a chat function, in those cases, demonstrated a higher level of interactivity. Plaintiff, here, does not allege the use of a chat function — nor the purchase of a good.

[4] To the extent that Plaintiff asserts additional factual allegations in his Opposition, the Court declines to consider them. *See, e.g.,* Crews v. Rivian Auto., Inc., No. 22-cv- 01524-JLS-E, 2023 U.S. Dist. LEXIS 27602, 2023 WL 3050081, at *17 (C.D. Cal. Feb. 16, 2023) (emphasizing the axiom that an opposition to a motion to dismiss may not amend the complaint by adding or modifying facts). The Opposition contains the following allegations not present in the FAC: (1) Plaintiff accessed the Website from his device; (2) this access occurred while Plaintiff was in California; (3) California is where Plaintiff's data is allegedly shared by Defendant with TikTok; (4) the TikTok Software sent electronic instructions into California; (5) Defendant extracted data from devices in California; (6) Defendant sent extracted data to California; (7) Defendant sells products to California residents and has them delivered to California residents. Thus, to the extent that Plaintiff's arguments rely on these impermissibly included allegations, the Court rejects them.

would support jurisdiction"). The Court, however, dismisses without prejudice; to the extent that Plaintiff can provide factual allegations that, when taken as true, sufficiently demonstrate purposeful direction, the Court grants leave to amend.[5]

*2. The Motion to Dismiss under Rule 12(b)(6) Is Denied as Moot*

As the Court denies the Motion on jurisdictional grounds, the Court does not evaluate the sufficiency of the pleadings. Accordingly, the Motion to Dismiss pursuant to *Rule 12(b)(6)* is **DENIED** as moot.

### III. CONCLUSION

For the foregoing reasons, the Motion is **GRANTED** in part and **DENIED** as follows:

- The Court **GRANTS** the Motion to Dismiss pursuant to *Rule 12(b)(2)*; and

- The Court **DENIES** the Motion to Dismiss pursuant to *Rule 12(b)(6)* as moot.

The Court, therefore, dismisses the action in its entirety without prejudice. Plaintiff is granted leave to amend and is ordered to file an amended complaint consistent with this Order within twenty-one (21) days.

**IT IS SO ORDERED**.

Dated: March 14, 2025

/s/ Wesley L. Hsu **[*16]**

HON. WESLEY L. HSU

UNITED STATES DISTRICT JUDGE

---

End of Document

---

[5] Plaintiff requested jurisdictional discovery to "determine the location of [Defendant's] servers, as well as additional facts potentially relevant to showing a California nexus for the claim against [Defendant] including where it sent Plaintiff's data, where the TikTok Software itself is hosted (which may not even be on [Defendant's] servers), where the location to install the TikTok Software took place, and its interactions related to California in installing the TikTok Software and using the data harvested from it." (Opp'n at 14). Jurisdictional discovery is appropriate when "the existing record is insufficient to support personal jurisdiction, and the plaintiff demonstrates that it can supplement its jurisdictional allegations through discovery." *MG Freesites Ltd. v. DISH Techs. LLC, 712 F.Supp.3d 1318, 1334 (N.D. Cal. 2024)*. It is not appropriate, however, when a "plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations." *Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1160 (9th Cir. 2006)* (affirming district court's denial of jurisdictional discovery). Here, where Plaintiff admits any such discovery would only be "potentially" useful, the Court declines to permit additional jurisdictional discovery. *See also LNS Enterprises LLC v. Cont'l Motors, Inc., 22 F.4th 852, 865 (9th Cir. 2022)* (affirming district court's denial of jurisdictional discovery where plaintiff failed to provide "any affidavit or evidence substantiating their requests or describing with any precision how such discovery could be helpful to the Court" and appeared the request was based on little more than a "hunch").